IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HECTOR M. MARTINEZ and BLANCA A. RAMIREZ, §§§§§ Plaintiffs, §§ V. §§§ UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC;  HSBC BANK USA, N.A., AS TRUSTEE FOR SECURITIZED TRUST J.P. MORGAN MORTGAGE TRUST 2007-A-6; J.P. MORGAN MORTGAGE ACQUISITION CORPORATION; J.P. MORGAN CHASE BANK, N.A., ACCEPTANCE CORPORATION; CHASE BANK N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEM a/k/a "MERS"; and DOES 1 THROUGH 100,, INCLUSIVE, §§§§§§§§§§§§§§§ Defendants. § | CIVIL ACTION NO. H-14-1285 |

**MEMORANDUM AND RECOMMENDATION GRANTING DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Pending in this case that has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) is Defendants' Motion to Dismiss for Failure to State a Claim (Document No. 6). Having considered Defendants' Motion to Dismiss, Plaintiff's response in opposition (Document No. 9), the parties' additional briefing (Document Nos. 10, 14 and 16), the allegations in Plaintiffs' live pleading (Document No. 1-1) and the applicable law, including, in particular, *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220 (5th Cir. 2013), the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motion to Dismiss (Document No. 6) be GRANTED and that Plaintiff's claims against Defendants all be DISMISSED pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim.

I.       **Background and Procedural History**

On April 29, 2014, Plaintiffs Hector M. Martinez and Blanca A. Ramirez ("Plaintiffs") initiated this suit in the 55th District Court of Harris County, Texas, Cause No. 2014-23955, complaining about the foreclosure on their residence located at 13835 Clear Trail Lane, Houston, Texas 77034 (referred to hereafter as "the Property"). In their state court Petition, Plaintiffs sought to void a foreclosure sale that took place on November 5, 2013, on the basis that Defendants lacked standing to foreclose given the absence of a valid and effective assignment of the Note and/or Deed of Trust to them prior to foreclosure. Defendants J.P. Morgan Mortgage Acquisition Corporation, J.P. Morgan Acceptance Corporation I, JPMorgan Chase Bank, N.A., and Mortgage Electronic Registration Systems, Inc. (referred to collectively hereafter as "Defendants") removed the case to this Court on the basis of diversity, and promptly filed a Motion to Dismiss. Plaintiffs have filed a response to Defendants' Motion to Dismiss and a "Notice of Supplemental Authority" (Document Nos. 9 & 14).

Based on Plaintiffs' allegations that the Note and Deed of Trust were not properly transferred or assigned, and that any such transfer or assignment is void, Plaintiffs assert claims against Defendants for (1) lack of standing/wrongful foreclosure; (2) breach of contract; (3) declaratory relief; (4) to quiet title; (5) violations of the Truth in Lending Act; (6) violations of Texas Property Code; (7) violations of the Texas Debt Collection Act; and (8) rescission. Defendants seek dismissal of those claims pursuant to FED. R. CIV. P. 12(b)(6). [1]

---

[1] No other Defendants named in the state court Petition have made an appearance. In addition, there is no proof in the record that any of them have been served, and the time for such service under FED. R. CIV. P. 4(m) has long since passed.

**II.     Standard of Review**

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

**III.     Discussion – Plaintiff's Claims**

Plaintiffs' live pleading is the Original Petition (Document No. 1-1) they filed in state court on April 29, 2014. Attached to that pleading are several exhibits, including: (1) a Deed of Trust, dated November 21, 2007, identifying Plaintiffs as Borrowers and Universal American Mortgage Company, LLC as Lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as Lender's beneficiary and nominee (Document No. 1-1 at 45-56); (2) a Special Warranty Deed for the Property (Document No. 1-1 at 57-60); (3) an "Appointment of Substitute Trustee," dated January 22, 2013, identifying JPMorgan Chase Bank, N.A., as the current holder/beneficiary of the Deed of Trust, and JP Morgan Chase Bank, N.A., as the mortgage servicer (Document No. 1-1 at 61-62); (4) a "Substitute Trustee's Deed," dated November 5, 2013, reflecting a foreclosure sale of the Property for $128,650.00 (Document No. 1-1 at 63-65); (5) a "Property Securitization Analysis Report" on the Property (Document No. 1-1 at 66-103); and (6) a "Corporate Assignment of Deed of Trust," dated April 10, 2012, reflecting an assignment from MERS, as nominee for Universal American Mortgage Company, LLC, to JPMorgan Chase Bank, N.A. (Document No. 1-1 at 104) (referred to hereafter as "Assignment"). The documents attached to Plaintiffs' Original Petition are incorporated into the Complaint, *see* FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"), and can be considered in connection with Defendants' Rule 12(b)(6) Motion to Dismiss. *United States ex. rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004).

In their Original Petition, Plaintiffs first "dispute[] the title and ownership of the real property in JP Morgan," and then allege that Defendants "unlawfully transferred and/or assigned Plaintiffs['] promissory note and Deed of Trust in this case to JP Morgan," that Defendant "JP Morgan lacked

standing to foreclose because neither the Note nor Deed of Trust was ever validly and effectively transferred or assigned to JP Morgan," that "JP Morgan cannot show proper receipt, possession, transfer, negotiations, assignment and ownership of the borrower's original promissory note along with the chain of securitization," that "there is no valid chain of title of the debt from the originator to JP Morgan," that "any assignments of the Mortgage/Deed of Trust beyond the specified closing date for the Trust are void," that the assignment of the Mortgage/Deed of Trust was void "since the PSA [Pooling and Servicing Agreement] requires a complete and unbroken chain of transfers/assignments to and from each intervening party, as well as recorded assignments and transfers in the real property records," that "any documents that purport to transfer any interest in the Note to the JP Morgan 2007-A6 Trust after the Trust's closing date are void as a matter of law," and that "none of the parties to [ ] the securitization transaction [or] any of the Defendants in this case, held a perfected and secured claim in the Property at the time of the November 2013 foreclosure sale." Plaintiffs' Original Petition (Document No. 1-1 at 14, 17, 21-22).

Defendants, in their Motion to Dismiss, maintain primarily that any challenge to the validity of the Assignment of the Note and Deed of Trust cannot support any claim against them. In particular, Defendants argue that Plaintiffs have not and cannot state a claim against them because Plaintiffs themselves lack standing to challenge the Assignment. According to Defendants, the "securitization" allegations set forth in Plaintiff's Original Petition cannot be used to challenge or abrogate Defendants' right to foreclose on the Property given the facially valid Assignment of the Deed of Trust to JPMorgan Chase Bank. Additionally, Defendants argue that JPMorgan Chase was authorized to foreclose as both the mortgagee and mortgage servicer, that MERS had the contractual and legal right to assign the Note and Deed of Trust, that Plaintiffs have not alleged with any

supporting facts a superior right or title to the Property, that Plaintiffs' Truth in Lending Act claim is barred by limitations, and that Plaintiffs cannot premise their Texas Debt Collection Act claim on alleged non-compliance with HAMP rules and procedures.  Finally, Defendants argue that Plaintiffs cannot maintain a claim for Declaratory Judgment in the absence of a substantive claim or controversy.

### A. Lack of Standing/Wrongful Foreclosure Claim

Plaintiffs' lack of standing/wrongful foreclosure claim is based primarily on Plaintiffs' aforementioned allegations, which challenge to the validity of the April 10, 2012 Assignment of the Deed of Trust to JPMorgan Chase.  In addition, however, Plaintiffs allege that the April 2012 Assignment of the Deed of Trust by MERS to JP Morgan Chase is invalid and void because the person who signed the assignment on behalf of MERS (Dina Shields) "never worked as a 'Vice President' of MERS" and was not "authorized by MERS in any way[,] shape or form to sign the assignment of the Deed of Trust." Original Petition (Document No. 1-1 at 23).  Additionally and alternatively, Plaintiffs allege that the April 2012 assignment "was signed by a person not Dina Shields, and signed without any authority whatsoever from the real Dina Shields." *Id.*  Finally, Plaintiffs allege that MERS had no authority to assign the Mortgage/Deed of Trust.

The allegations set forth by Plaintiffs in support of their lack of standing/wrongful foreclosure claim have all been rejected by the Fifth Circuit Court of Appeals in *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220 (5th Cir. 2013).  In *Reinagel*, "mortgagors who defaulted on their note [sought] to enjoin a bank from foreclosing, contending that the assignments by which the bank obtained the note and corresponding deed of trust were 'robo-signed' and therefore invalid." *Id.* at 222.  The Reinagels asserted several bases for seeking to invalidate the

assignment of their Note and Deed of Trust, including a challenge to the authority of the person who executed the assignment, a challenge to the authenticity of the signature on the assignment, and allegations that the assignment was contrary to the terms of the Pooling and Service Agreement that "governed Deutsche Bank's Series 2006-M1 mortgage pool." *Id.* at 226, 227, 228. In rejecting each basis for invalidating the assignment, the Fifth Circuit first made it clear that a non-party to an assignment does have standing to challenge the assignment on grounds that the assignment is void, but does not have standing to challenge the assignment on grounds that the assignment is voidable. *Id.* at 225 ("an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor," but "*may* defend 'on any ground which renders the assignment void.'"). The Fifth Circuit then concluded that the Reinagels' challenges to the authority of the person who executed the assignment, their challenge to the authenticity of the signature on the assignment, and their challenge to the assignment on the basis that it was contrary to the terms of the Pooling and Service Agreement were all grounds that made the assignment voidable, but not void. *Id.* at 226, 227, 228. That meant, for purposes of the Reinagels' standing to assert such challenges to the assignment, that the Reinagels could not, on those asserted bases, challenge the "facially valid " assignment of the Note and Deed of Trust. *Id.*

Here, the analysis and holding in *Reinagel* defeat Plaintiffs' lack of standing/wrongful foreclosure claim based on their allegations challenging the validity of the Assignment, their allegations challenging the authority of the person who signed the Assignment, and their challenges to the Assignment on the basis that it did not comply with the terms of the applicable Pooling and Services Agreement. With respect to the allegations that the April 2012 Assignment "was signed by a person not Dina Shields, and signed without any authority whatsoever from the real Dina

7

Shields," such allegations also do not state a plausible lack of standing challenge to the Assignment. Plaintiffs do not directly allege that the signature on the Assignment is not that of Dina Shields, and do not state any facts that would support an allegation that Dina Shields' signature was "forged" within the meaning of *Nobles v. Marcus*, 533 S.W.2d 923 (Tex. 1976).[2] Moreover, in all, Plaintiffs' own documents, including the Deed of Trust and the recorded Assignment of the Deed of Trust to JPMorgan Chase, coupled with the Fifth Circuit's decision in *Reinagel*, defeat Plaintiffs' lack of standing/wrongful foreclosure claim. *See Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 342 (5th Cir. 2013) (relying on *Reinagel* in holding that a mortgagor "lacks the requisite standing to bring suit to enforce the terms of the PSA that governs the assignment of the mortgagor's note"). The Assignment at issue is a facially valid assignment. *See* Corporate Assignment of Deed of Trust, attached to Plaintiffs' Original Petition as Exhibit "G" (Document No. 1-1 at 104). MERS, as the nominee and beneficiary under the Deed of Trust had the authority under Texas law to assign the Deed of Trust. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 253, 255 (5th Cir. 2013); *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190 *5 (Tex. App.–Austin 2012). JPMorgan Chase, as the assignee of the Deed of Trust, became the mortgagee under Texas law, and had the authority under Texas law to pursue foreclosure. *Singha v. BAC Home Loans Servicing, L.P.*, 564 F.App'x 65, 68 (5th Cir. 2014). Plaintiffs have not stated a plausible claim for lack of standing/wrongful foreclosure.

While Plaintiffs have, in a Notice of Supplemental Authority (Document No. 14), pointed to a newly decided Texas case that supports their position that their challenges to the Assignment

---

[2] To the extent Plaintiffs is alleging that the Assignment was "forged," Plaintiffs' pleadings do not allege forgery with the type of particularity required by FED. R. CIV. P. 9(b), *Jemison v. CitiMortgage, Inc.*, Civil Action No. H-13-2475, 2014 WL 2739351 *4, n. 4 (S.D. Tex. June 17, 2014), and consequently the claim is subject to dismissal on that basis as well.

8

would render it void, as opposed to voidable, *Vazquez v. Deutsche Bank National Trust Company, N.A.*, No. 01-13-00220-CV, 2014 WL 3672892 (Tex. App.–Houston [1st Dist.] July 24, 2014), that case is not binding on this Court – *Reinagel* is. *See Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 421 (5th Cir. 2001) (Fifth Circuit's "interpretation of Texas law is binding on the district court, unless a subsequent state court decision or statutory amendment renders [that] prior decision clearly wrong."). Moreover, the *Vazquez* case is an unpublished opinion from an intermediate appellate court and is distinguishable from this case given the factual allegations and summary judgment evidence in *Vazquez* that the signature on the assignment "was affixed by someone else who acted without his knowledge or approval" and was therefore a "forgery" under Texas law. Because the decision in *Vazquez* does not render the *Reinagel* decision clearly wrong, unless and until *Reinagel* is modified or limited, it is binding on this Court and compels the conclusion that Plaintiffs have not, and cannot, state a claim for lack of standing/wrongful foreclosure against Defendants.

    **B.**    **Breach of Contract**

In their "breach of contract claim," Plaintiffs allege that JPMorgan was not a "Lender" within the meaning of the Deed of Trust, and therefore had no authority to engage in or conduct "foreclosure activities."

This claim, based on the contents of the Assignment Plaintiffs themselves attached to their Original Complaint, is wholly without merit. As set forth above, the Deed of Trust identified "MERS" as the nominee and beneficiary under the Deed of Trust. MERS therefore had the authority to assign the Deed of Trust to JPMorgan Chase, *Singha*, 564 F.App'x at 68, and did so on April 10, 2012. Contrary to Plaintiffs' allegations, the Assignment even identified MERS as nominee for, and on behalf of, Universal American Mortgage Company, LLC (Document No. 1-1 at 104). Based on

the documents included with the Original Petition, Plaintiffs have not stated a plausible breach of contract claim.[3]

C. **Quiet Title**

Plaintiffs next allege, in support of their "quiet title" claim, that Defendants did not have "perfected, legal and secured claim in the Property," and that their foreclosure on the Property and any claimed interest in the Property is void.

"A suit to clear or quiet title-also known as suit to remove cloud from title-relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012). The cause of action, which is an equitable one under Texas law, "exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, review denied) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (1886)). The elements of a quiet title claim include: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507 at *7 (Tex. App.—Houston [1st Dist.] 2011). At its most basic, however, "the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Id.* A plaintiff can only recover on a quiet title claim by establishing the strength of his own title; attacking the weakness of the defendant's title will not suffice. *Fricks v. Hancock*, 45

---

[3] In addition, Plaintiffs also have not stated a plausible claim that MERS is a "fictitious entity." The legitimacy of MERS, as well as its authority to act on behalf of a Lender in both assigning a Deed of Trust and pursuing foreclosure, has been consistently and repeatedly recognized by the Fifth Circuit Court of Appeals. *Martins*, 722 F.3d at 255.

S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not on the weakness of his adversary's title.").

Here, Plaintiffs' have not alleged any creditable facts that would support a quiet title claim. While Plaintiffs do allege that none of the Defendants have an interest in the Property, the documents Plaintiffs have attached to their Original Petition, including the April 10, 2012 Assignment, show otherwise. Based on the allegations in their Original Petition, as well as the contents of the documents Plaintiffs have submitted with their Original Petition, Plaintiffs have not and cannot show the strength of their title vis-a-vis Defendants. As such, Plaintiffs have not stated a quiet title claim.

### E. Truth in Lending Claim

In their next claim, brought under the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 1261, et seq, Plaintiffs allege that they were not provided with notice that the Note and Deed of Trust was assigned and/or sold to JPMorgan Chase on April 10, 2012. Defendants, in the Motion to Dismiss, seek dismissal of this claim based on the applicable one-year statute of limitations, and Plaintiffs' failure to allege any damages.

A claimed violation of TILA's notice provisions has a one year statute of limitations. 15 U.S.C. § 1640(e) ("any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation"). Here, the Assignment of the Deed of Trust to JPMorgan Chase was dated April 10, 2012, and was recorded in the Harris County Property Records on May 1, 2012. (Document No. 1-1 at 104). Any TILA notice claim therefore accrued on the date the Assignment was recorded, on May 1, 2012, with the one-year limitations period expiring one-year later, on May 1, 2013. Because

Plaintiffs did not assert a TILA claim until they filed their Original Petition in state court on April 29, 2014, the claim is barred by limitations. *See e.g., Benitez v. American Wholesale Lender,* Civil Action No. H-14-953, 2014 WL 3388650 at *2 (S.D. Tex. July 9, 2014) (finding TILA claim based on failure to provide notice of an assignment was barred by limitations).

In addition, dismissal of the TILA claim is warranted because Plaintiffs failed to allege any damages associated with the alleged lack of notice of the April 2012 Assignment to JPMorgan Chase. "A plaintiff must allege sufficient damages in order to state a claim" under § 1640(a)(1). *Jameel v. Flagstar Bank, FSB*, Civil Action No. H-12-1510, 2012 WL 5384177 * 8 (S.D. Tex. 2012). Given the absence of any factual allegations in Plaintiffs' Original Petition that would support any damages under the TILA, Plaintiffs' TILA claim is also subject to dismissal under Rule 12(b)(6).

  **F. Texas Property Code Claims**

In their next claim, Plaintiffs allege that Defendants violated § 51.0025 of the Texas Property Code by conducting the foreclosure on the Property without an valid and enforceable agreement that allowed Defendant JPMorgan Chase to do so. As set forth above, JPMorgan Chase was, by virtue of the April 10, 2012 Assignment, both the mortgagee and loan servicer at the time of the foreclosure proceedings. Under § 51.0025 of the Texas Property Code, JPMorgan Chase had the authority to pursue foreclosure.

  **G. Texas Debt Collection Act Claims**

Plaintiffs next allege, in a claim premised on violations of the Texas Debt Collection Act, that Defendant JPMorgan Chase "violated Subsection (a)(8) when it threatened to take action to foreclose on the property without properly considering Plaintiff[s] under the HAMP or another alternative action to cure," and "violated the act when it threatened to move forward with the

foreclosure and removal of the home knowing[ ] that they legally could not do so until it had certified that all non-foreclosure options had been exhausted." In failing to following the foreclosure guidelines developed under the HAMP program, Plaintiffs maintain that Defendants violated the Texas Debt Collection Act.

Plaintiffs' allegations that Defendants failed to comply with the provisions of HAMP ("Home Affordable Modification Program") prior to pursuing foreclosure cannot support a claim for violations of Texas' Debt Collection Act. *See Brinson v. Universal American Mortg. Co.*, Civil Action No. G-13-0463, 2014 WL 4354451 * 8 (S.D. Tex. Sept. 2, 2014) ("violations of HAMP guidelines cannot form the basis of a TDCPA claim"). Accordingly, Plaintiffs have not stated a plausible Texas Debt Collection Act claim.

### H. Rescission

In their final claim, which is more in the nature of a remedy, Plaintiffs maintain that the "loan and all accompanying loan documents" should be rescinded because Defendants were never properly assigned the Note and Deed of Trust and therefore did not have the right or authority to foreclose. Because Plaintiffs have not stated a viable, substantive claim that would call into question the validity of the Note, or the foreclosure proceedings, rescission is not available as a remedy.

### I. Declaratory Relief

Finally, in a Declaratory Judgment claim, Plaintiffs seek a declaration "of the rights, obligations and interest of the parties with regard to the Property" and a declaration that they are "entitled to the exclusive possession of the property," they "in fee simple" and that Defendants have "no estate, right, title, lien or interest in or to the real property or any part of the property." Original Petition at 22 (Document No. 1-1 at 31).

A declaratory judgment claim cannot stand alone; instead, the "Texas Uniform Declaratory Judgments Act, TEX.CIV.PRAC. & REM.CODE ANN. § 37.001 *et seq.* (Vernon 1986), is merely a procedural device; it does not create any substantive rights or causes of action." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.* 99 F.3d 746, 752 n. 3 (5th Cir. 1996). Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive. *Ayers v. Aurora Loan Services, L.L.C.*, 787 F.Supp.2d 451, 457 (E.D. Tex. 2011) (dismissing claim for declaratory judgment where all underlying substantive claims had been dismissed); *Valdez v. Federal Home Loan Mortgage Corp.*, 2011 WL 7068386 *3 (N.D. Tex. 2011) (where Plaintiff failed to state a claim for trespass to try title and to quiet title, Plaintiff's claims for declaratory and injunctive relief were also subject to dismissal under Rule 12(b)(6)); *James v. Wells Fargo Bank, N.A.*, 2012 WL 778510 *4 (N.D. Tex. 2012) (dismissing claim for declaratory relief where the "arguments for declaratory relief are unsupported by the facts alleged").

Here, given that Plaintiffs' substantive claims are all subject to dismissal under Rule 12(b)(6), Plaintiffs' claim for declaratory relief is subject to dismissal as well.

**IV.    Discussion – Amendment**

Under FED. R. CIV. P. 15(a)(2) leave to amend should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies. . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, given the Fifth Circuit's ruling in *Reinagel* on the exact type of allegations Plaintiffs makes relative to the assignment of the Note and Deed of Trust and the "securitization" of the mortgage, as well as the nature and underlying bases for all of Plaintiffs' claims, there is no reasonable likelihood that Plaintiffs could amend their claims to overcome the legal deficiencies identified herein. Therefore, allowing an amendment would be futile.

## V.    Conclusion and Recommendation

Based on the foregoing, and the determination that Plaintiffs have not, and cannot, state a plausible claim against Defendants related to the November 5, 2013 foreclosure on the Property, the Magistrate Judge

RECOMMENDS that Defendants' Motion to Dismiss (Document No. 6) be GRANTED and that Plaintiffs' claims against Defendants all be DISMISSED pursuant to Rule 12(b)(6) for failure to state a claim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United*

*Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 24th day of September, 2014.

Frances H. Stacy
United States Magistrate Judge