UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HECTOR M. MARTINEZ, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:14-CV-1285 |
| § | |
| UNIVERSAL AMERICAN MORTGAGE § | |
| COMPANY, LLC, *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss (Doc. 6). On September 24, 2014, Magistrate Judge Frances Stacy issued a Memorandum and Recommendation ("M & R") (Doc. 17), recommending the Motion to Dismiss be granted. The Court, having reviewed the M & R and objections and response thereto, finds that it is well founded and Defendant's Motion to Dismiss (Doc. 6) should be granted.

**I.  Background**

This is a suit to enjoin the eviction of Plaintiffs Hector M. Martinez and Blanca A. Ramirez's from their residence at 13835 Clear Trail Lane, Houston, Texas 77034 ("the Property"). In 2007, Plaintiffs obtained a mortgage loan from Universal American Mortgage Company, secured by a Deed of Trust granted to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender and noteholder, Universal American Mortgage Company. Exh. A, Doc. 9-1 at 45. On April 10, 2012, MERS assigned the Deed of Trust to JP Morgan Chase Bank, N.A. ("JP Morgan"). Exh. C, Doc. 9-3. On January 30, 2013, after declaring a default, JP Morgan appointed legal counsel as substitute trustee to conduct foreclosure proceedings. Exh. D, Doc. 1-1 at 61. On November 5, 2013, the substitute trustee sold the

Property at public auction back to JP Morgan as credit bidder. Exh. J, Doc. 9-10 at 63. In regard to the Note, Plaintiffs have submitted a "Property Securitization Analysis Report" that indicates the Note may have been "sold, transferred, assigned, and securitized into the JP MORTGAGE TRUST 2007-A6." Doc. 1-1 at 83.

On April 29, 2014, Plaintiffs initiated this suit in the 55th District Court of Harris County, Texas, Cause No. 2014-23955, challenging the assignment of the Note and Deed of Trust. Defendants J.P. Morgan Mortgage Acquisition Corporation, J.P. Morgan Acceptance Corporation I, JPMorgan Chase Bank, N.A., and Mortgage Electronic Registration Systems, Inc. (referred to collectively hereafter as "Defendants")[1] removed the case to this Court on the basis of diversity. Based on Plaintiffs' allegations that the Note and Deed of Trust were not properly transferred or assigned, and that any such transfer or assignment is void, Plaintiffs assert claims against Defendants for (1) lack of standing/wrongful foreclosure; (2) breach of contract; (3) declaratory relief; (4) quiet title; (5) violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 1261, *et seq.*; (6) violations of § 51.0025 of the Texas Property Code; (7) violation of the Texas Debt Collection Act ("TDCA") by failing to comply with Home Affordable Modification Program ("HAMP") guidelines; and (8) rescission. Defendants seek dismissal of those claims pursuant to Fed. R. Civ. P. 12(b)(6).

## II.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual

---

[1] No other Defendants named in the state court Petition have made an appearance. In addition, there is no proof in the record that any of them have been served, and the time for such service under Fed. R. Civ. P. 4(m) has passed.

matter is limited to "documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

**III. Discussion**

The M & R concludes: (1) the wrongful foreclosure claim fails under *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220 (5th Cir. 2013), which holds mortgagors lack standing to challenge a foreclosure action based on a challenge to a facially valid assignment (*see* Assignment, Exh. C, Doc. 9-3 at 61); (2) the breach of contract claim similarly fails, because the assignment gave JP Morgan authority under the terms of the Deed of Trust to foreclose; (3) the quiet title claim fails for the same reason, and for lack of allegations supporting Plaintiff's superior title; (4) the TILA claim is barred by a one-year statute of limitations and fails for lack of alleged damages; (5) the Property Code claim fails, like the wrongful foreclosure claim, because there was a facially valid assignment; (6) the TDCA claim fails, because "HAMP and related programs do not create a private right of action for homeowners" (*Brinson v. Universal Am. Mortg. Co.*, CIV.A. G-13-463, 2014 WL 4354451, at *8 (S.D. Tex. Sept. 2, 2014)); the rescission and declaratory relief "claims" fail for lack of a claim for which the law provides the remedies of rescission and declaratory relief.

Plaintiffs raise three objections to the M & R. First, while *Reinagel* holds mortgagors lack standing to challenge an assignment executed by a person fraudulently purporting to be a corporate officer, which renders the assignment voidable at the election of the corporation, the case does not necessarily rule out a claim that a signature is forged, rendering the assignment void ab initio. 735 F.3d at 227; *see also Vasquez v. Deutsche Bank National Trust Company*, N.A., NO. 01-13-00220-CV, 2014 WL 3672892, at *4 (Tex. App.-Houston [1st Dist.], July 24,

2014) (mortgagor has standing to pursue quiet title on allegation of forged assignment). Here, Plaintiffs have alleged the assignment of the mortgage is "void because it was signed by a person not Dina Shields, and signed without any authority whatsoever from the real Dina Shields." Doc. 1-1 at 23 ¶ 46. Plaintiffs do not, however, allege the signature does not say "Dina Shields," nor do they allege any facts that would suggest Dina Shields did not make the signature or lacked authority to sign for MERS. The signature on the Assignment states "[MERS] By: Dina Shields." Exh. C, Doc. 9-3. Plaintiffs' mere allegation of forgery, bereft of any facts supporting the claim, is insufficient under Texas law. *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 12-20623, 2013 WL 2422778, at *2 (5th Cir. June 4, 2013) ("Texas 'view[s] with suspicion and distrust attempts to discredit certificates of acknowledgment,' under which the transfer is presumptively valid and 'contradicting evidence must be clear, cogent, and convincing beyond reasonable controversy.') (citing *Ruiz v. Stewart Mineral Corp.,* 202 S.W.3d 242, 248 (Tex. App.—Tyler 2006, pet. denied)); *see Ybarra v. Wells Fargo Bank, N.A.*, 575 Fed. Appx. 471, 473-74 (5th Cir. 2014) (rejecting forgery claim where mortgagors "fail to allege a single fact to support their legal conclusion that the signatures on the 2010 and 2012 assignments are forgeries"); *cf. Vazquez*, 441 S.W.3d at 788 (upholding forgery claim on allegations that there were "materially different versions of [] signature found throughout public records" and the signor "personally admitted through legal deposition that his signatures are . . . used by others without his supervision, approval, or personal knowledge.").

Second, Plaintiffs argue they have properly alleged the assignment was void by alleging the assignment "fails to identify who exactly MERS is acting as the 'nominee' for" and who are the "actual parties to the transaction." Doc. 1-1 at ¶ 44, 54. Plaintiffs cite *Nueces County v. MERSCORP Holdings, Inc.*, which holds "MERS is not a lender, and it does not have the rights

of a lender, note holder, or note owner to enforce a promissory note and seek a judgment against a debtor for the repayment of loans." 2:12-CV-00131, 2013 WL 3353948, at *5 (S.D. Tex. July 3, 2013). Plaintiffs challenge MERS's assignment of the mortgage, however, not its right to seek a personal judgment. *Nueces* further explains:

> MERS has no right to foreclose or take any other actions with respect to the mortgaged properties *beyond those specifically permitted in the deeds of trust and under Texas law*. . . .
>
> In 2003, the Texas Legislature amended Chapter 51 of the Texas Property Code to provide a broader definition of mortgagee and expand the list of those who could conduct foreclosure sales on behalf of lenders. . . [I]t is unquestionable that the Legislature intended to permit MERS to serve as an agent and nominee for lenders so that it could oversee and conduct foreclosures on behalf of its members.

*Id.* at *6 (emphasis added); *see Silver Gryphon, L.L.C. v. Bank of Am. NA*, 4:13-CV-695, 2013 WL 6195484, at *4 (S.D. Tex. Nov. 27, 2013) ("*Nueces* addressed whether MERS could list itself as a secured party, not whether MERS could validly assign a note to another party."); *Ibarra v. Bank of Am., N.A.*, CIV. SA-13-CA-247-PM, 2013 WL 3816485, at *5 (W.D. Tex. July 19, 2013) ("*Nueces* does not reach "the ability of MERS to have made the assignment of the Note."). *Reinagel* also noted that MERS could be a mortgagee. 735 F.3d at 223 n. 3 ("Although not relevant here, a 'mortgagee' can also be a 'book-entry system' . . . such as the national Mortgage Electronic Registration System.") (citing Tex. Prop. Code § 51.0001(4)); *Warren v. Bank of Am., N.A.*, 566 Fed. Appx. 379, 383 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 197 (2014) ("[I]t is well settled that under Texas law, which applies in the present matter, MERS is a mortgagee and may transfer to a mortgage servicer, such as B.A.C., authority to foreclose.").

Third, Plaintiffs argue the M & R incorrectly concluded the quiet title claim failed for lack of pleading superior title, whereas quiet title actions require only an allegation of "right, title, or ownership [by the claimant] with sufficient certainty to enable the court to see she has a

right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied). Plaintiffs argue they sufficiently stated a claim to quiet title merely by alleging they possessed a deed to the property, regardless of whether they were in default and MERS possessed superior title. Doc. 1-1 at ¶ 13. Plaintiffs cite *Mortgage Electronic Registration Systems, Inc. v. Groves*, in which the court found pleading ownership of a recorded deed satisfied the requirements of *Wright* so as to "'enable the court to see she has a right of ownership that will warrant judicial interference' *in the issue of the deed of trust's validity*.'" No. 14-10-00090-CV, 2011 WL 1364070, at *4, n. 2 (Tex. App.—Houston [14th Dist.] April 12, 2011, pet. denied) (emphasis added). The court then accepted without explanation that a merits issue remained as to the deed of trust's validity, based on an allegation that the deed of trust was invalid because the mortgagee, MERS, was not the "holder of the original Real Estate Lien note." *Id.* at 2. The court affirmed a default judgment against MERS, which "did not participate in the trial court and did not file any post-judgment motion or request for findings of fact or conclusions of law." *Id.* at *1. The "split-the-note" theory implicitly adopted in *Groves* has since been rejected under Tex. Prop. Code § 51.0025 where a deed of trust is properly assigned by a "mortgagee," which the statute defines as including a "book entry system" such as MERS. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) ("The 'split-the-note' theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned.").

On its face, the statement in *Groves* that a mortgagor pursuing a quiet title action "is not required to base her claim on the strength of her own title" or "superiority of her own title" conflicts with a large body of caselaw. 2011 WL 1364070, at *4, *4 n. 2. Throughout a quiet title suit, "the plaintiff has the burden of supplying the proof necessary to establish his superior equity

and right to relief." *Hahn v. Love*, 321 S.W.3d 517, 531-32 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); *see Rodriguez v. Bank of Am., N.A.*, SA-12-CV-00905-DAE, 2013 WL 1773670, at *9 (W.D. Tex. Apr. 25, 2013), *aff'd*, 577 Fed. Appx. 381 (5th Cir. 2014) (citing *Groves* with disapproval); *Munoz v. HSBC Bank USA, N.A.*, 4:12-CV-00894, 2013 WL 5231732, at *4 n. 1 (S.D. Tex. Sept. 12, 2013) (distinguishing *Groves* on the basis of federal pleading standards). In the context of the opinion in *Groves*, the statement that a claimant need not show superior title appears to have been intended to distinguish quiet title from trespass to try title, a statutory cause of action with more specific requirements for pleading superior title. 2011 WL 1364070, at *3[2]; *but see Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title. A plaintiff in a trespass to try title suit also must rely upon the strength of his own title, not upon the weakness of the defendant's.") (citations omitted). *Groves* properly held a claimant pursuing a quiet title claim must, as a threshold matter, allege a "right, title, or ownership in herself" in the course of establishing superior title. *See, e.g., Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, CIV.A. H-12-1448, 2012 WL 3187918, at *5 (S.D. Tex. Aug. 2, 2012), *aff'd*, 12-20623, 2013 WL 2422778 (5th Cir. June 4, 2013) (rejecting quiet title claim where "[u]nlike the plaintiff in *Groves,* who alleged in her pleading that she owned the property at issue by virtue of her recorded deed, Morlock merely alleges that it owns a certain tract of land.").

Texas courts have long held a plaintiff in a quiet title action must allege not only the strength of his own title but also the invalidity of the defendant's claim. *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("A suit to quiet

---

[2] Claimants in a trespass-to-try-title suit "must establish a prima facie right of title by proving one of the following: (1) a regular chain of conveyances from the sovereign; (2) a superior title out of a common source; (3) title by limitations; or (4) prior possession, which has not been abandoned. *Id.* at *3.

title—also known as a suit to remove cloud from title—relies on the invalidity of the defendant's claim to the property."); *Howard v. Davis*, 6 Tex. 174, 185 (1851) (suits to quiet title are based on claim that the plaintiff's title is disturbed by the "alleged unconscientious claims and pretensions of the defendants"); *Thomson v. Locke,* 66 Tex. 383, 1 S.W. 112, 115 (1886) (suits to quiet title exist "to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right."). Especially in the case of a disputed mortgage, the strength of the claimant's deed and invalidity of the defendant's deed of trust are two sides of the same coin, arising from the same transaction. It would be illogical to permit a mortgagor in default to bring a quiet title action as if the deed of trust did not exist. *See Garcia v. Am. Home Mortg. Servicing, Inc.*, 01-13-00359-CV, 2014 WL 3408701, at *2-3 (Tex. App.—Houston [1st Dist.] July 10, 2014, no pet.) ("Thus a quiet-title claim has at least two elements: the plaintiff must show that he has a right of ownership and that an adverse claim is a cloud on his title"; the latter being "premised upon the alleged invalidity of the note and deed of trust."). Many Texas courts have thus defined quiet title in terms of three elements: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat. Bank Ass'n v. Johnson*, 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.); *Vernon v. Perrien*, 390 S.W.3d 47, 61-62 (Tex. App.—El Paso 2012, pet. denied) (same); *DTND Sierra Investments, LLC v. Deutsche Bank Nat. Trust Co.*, 04-12-00817-CV, 2013 WL 4483436, at *3 (Tex. App.—San Antonio Aug. 21, 2013, pet. denied) (same); *Burnett v. Bank of New York Mellon*, 13-12-00474-CV, 2014 WL 586034, at *9 (Tex. App.—Corpus Christi Feb. 13, 2014, pet. denied) (same); *cf. Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (different three elements, also including

invalidity of defendant's claim); *Warren v. Bank of Am., N.A.*, 566 Fed. Appx. 379, 382 (5th Cir. May 6, 2014), *cert. denied*, 135 S. Ct. 197 (2014) (citing *Gordon* but stating elements similar to *Johnson*); *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435, 436 (5th Cir. Sept. 30, 2014) (same); *Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 14-20107, 2014 WL 5654315, at *6 (5th Cir. Nov. 5, 2014) (same).

As explained above, Plaintiffs claims against the validity of the assignment fail. *See Rodriguez v. Bank of Am., N.A.*, SA-12-CV-00905-DAE, 2013 WL 1773670, at *9 (W.D. Tex. Apr. 25, 2013), *aff'd*, 577 Fed. Appx. 381 (5th Cir. 2014) (rejecting quiet title claim by mortgagor based on invalidity of assignment executed by MERS agent allegedly without authority); *Howard v. JP Morgan Chase NA*, SA-12-CV-00440-DAE, 2013 WL 1694659, at *6 (W.D. Tex. Apr. 18, 2013) (same). Therefore, Plaintiffs have failed to state a claim for quiet title.

Plaintiffs do not object to the Magistrate's recommendation regarding their remaining claims, outlined above. The Court finds the Magistrate's reasoning is well-founded and adopts the M & R in regard to those claims.

IV. **Conclusion**

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Dismiss (Doc. 6) is **GRANTED**.

SIGNED at Houston, Texas, this 13th day of March, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE